IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CR 404 HEA/NAB |
| | ) |
| DERRICK TERRY, | ) |
| | ) |
| Defendant. | ) |

### SPECIAL COUNSEL'S REPLY TO ATTORNEY BEAU BRINDLEY'S MOTION TO RECONSIDER ORDER LIMITING ATTORNEY VISITATION

Comes now Paul J. D'Agrosa, on behalf of Defendant Derrick Terry and for his reply to attorney Beau Brindley's motion to reconsider and in opposition thereto, states as follows:

1. Mr. Brindley's response asserts that undersigned counsel has "overstepped his bounds" and that counsel has "colluded" with the government. In addition, Mr. Brindley asserts that counsel did not consult with Defendant and suggests that counsel is somehow engaging in conduct to the detriment of Defendant. In addition, Mr. Brindley makes certain assumptions and representations to this Court that are inaccurate.

2. Counsel communicated with Mr. Fagras prior to filing the motion to limit Mr. Brindley's visitation. It was in that conversation that counsel learned of Mr. Brindley's intended visit. The representations made in counsel's motion were based upon those communications with Mr. Fagras and were not a result of some "conspiracy" Mr. Brindley has invented.

3. It was counsel's decision to file the motion. While the intended consequence of

the motion was to prevent Mr. Brindley from visiting Defendant, counsel acted in what he believed to be the best interest of Defendant. Counsel has acted diligently in gathering information, necessary to represent to this Court counsel's opinion with regard to the conflict and whether or not such a conflict can be waived.

    4. Counsel is fulfilling his role as an independent representative of Defendant, appointed to assist this Court in determining whether or not an actual or potential conflict of interest exists.

    5. Mr. Brindley has seemingly concluded that no such conflict exists however, that is a matter this Court must decide.

    6. Further, Mr. Brindley or his associate has communicated with Defendant on previous occasions. Counsel submits that the inordinate delay until a hearing can be held in December is attributable to Mr. Brindley and his calendar. No prejudice exists as Defendant has not been prevented from communicating with Mr. Brindley over the phone.

    WHEREFORE, for the foregoing reasons, limited special counsel Paul J. D'Agrosa, on behalf of Defendant Derrick Terry does hereby oppose the motion for reconsideration.

    Respectfully submitted,

    LAW OFFICES OF
    WOLFF & D'AGROSA

    /s/Paul J. D'Agrosa
    Paul J. D'Agrosa (#36966MO)
    7710 Carondelet, Suite 200
    Clayton, Mo. 63105
    (314) 725-8019
    (314) 725-8443 Fax

                                                                         Paul@wolffdagrosa.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2016 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: All attorneys of record.

                                                                   /s/ Paul J. D'Agrosa  
                                                                   Paul J. D'Agrosa (#36966MO)